# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

2008 SEP 10 P 2: 49

CHARLES E. NICKERSON, )
#80679, )
) CIVIL ACTION NO. 0:07-3822-GRA-BD
        Petitioner, )
)
v. ) **REPORT AND RECOMMENDATION**
)
STATE OF SOUTH CAROLINA; )
and GEORGE T. HAGAN Warden )
of Allendale Correctional Institution, )
)
        Respondent. )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on November 19, 2007.[1]

The Respondents filed a return and motion for summary judgment on May 5, 2008. As the Petitioner is proceeding pro se, a Roseboro order was filed on May 6, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition to summary judgment on May 21, 2008. This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review

(continued...)



## **Procedural History**

Petitioner was indicted in March 1976 in Florence County for murder [Indictment No. 76-GS-41-23] and burglary and larceny [Indictment No. 76-GS-41-22]. See Court Document 32-2.[3] Petitioner was represented by Charles Coleman, Esquire, and on or about March 16, 1976 pled guilty to the charges in the indictment. See Transcript attached to Court Document 1. Petitioner was sentenced to confinement for life on the murder charge and nine (9) years on the burglary and larceny charge, concurrent. See Court Document 32-6. Petitioner did not appeal his guilty plea or sentence.

On March 27, 1978, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. See Court Document 32-3. Petitioner raised the following issues in his APCR:

1. Ineffective Assistance of Counsel.

2. Involuntary Plea.

3. Perjured testimony.

See Petition, p. 2 (Court Document 32-3).

Although Petitioner represents that he received an evidentiary hearing and that the petition was denied, neither party has provided the date of the dismissal. See Court Document 1, p. 4. However, Petitioner did file a second APCR in state circuit court on March 24, 2006. See Court Document 33-5; Nickerson v. State of South Carolina, No. 2006-CP-41-40. Petitioner raised the following issues in this Petition:

1. Due Process Violation.

---

(...continued)
by the Court.

[3] Since the parties' exhibits are not numbered, the undersigned has used the Court Document numbers to identify the exhibits.



2

  2. Defective Indictment.

  3. Newly Discovered Evidence.

  4. Ineffective Assistance of Counsel.

See Court Document 33-5, attachments.

Respondents represent that they just learned of the filing of this second APCR, and state that they intend to file a motion to dismiss this APCR as being both successive and time barred. See Respondents' Memorandum in Support of Summary Judgment, p. 2.

  The record reflects that Petitioner also apparently filed a state habeas petition dated January 5, 2007, which was dismissed by the South Carolina Supreme Court on January 18, 2007. See Order dated January 18, 2007 (Attached to Court Document 1). Petitioner filed a motion to reconsider, which was denied. See Order dated February 14, 2007.

  In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

  **Ground One:** Constitutional violation.

  **Ground Two:** Ineffective Assistance of Counsel.

  **Ground Three:** Violation of Due Process Rights.

  **Ground Four:** Defective Indictment.

See Petition, pp. 6-11.

### Discussion

  Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,



3

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondents contend in their motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. The undersigned agrees. This limitations period is part of the AEDPA,[4] and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[4] Antiterrorism and Effective Death Penalty Act of 1996.



28 U.S.C. § 2244(d)(1) and (2).

Since Petitioner's conviction became final before the AEDPA was enacted,[5] he had one year after the AEDPA's effective date of April 24, 1996 to timely file his petition.[6] See Rouse v. Lee, 339 F.3d 238, 243 (4th Cir. 2003); Hernandez v. Caldwell, 225 F.3d 438-439 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). By the time Petitioner filed his second APCR on March 24, 2006, as well as his state habeas petition on January 5, 2007, well over one year had already passed from when his convictions had become final.[7] While Petitioner in his response discusses and cites to cases decided prior to the enactment of the AEDPA, he has not asserted that his petition is timely, nor has he set forth any reason for tolling the statute of limitations in this case, despite having been given an opportunity to do so in his response to the motion for summary judgment.[8]

---

[5] Petitioner's state court convictions became final on March 26, 1976, ten days after March 16, 1976.

[6] Although the date of the dismissal of Petitioner's first APCR is not in the record, neither party contests that it was prior to the enactment of the AEDPA. Therefore, since Petitioner's APCR was filed and apparently dismissed prior to the enactment of the AEDPA, it would not toll the filing period.

[7] Although it appears that Petitioner's second APCR may not be properly filed, that issue does not need to be reached since the deadline to timely file his federal habeas petition passed years before he even filed his second APCR. See generally, Pace v. DiGuglielmo, 545 U.S. 408 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]; cf generally Wilson v. Crosby, No. 03-566, 2006 WL 3219602 (N.D.Fla. Nov. 3, 2006)["[A] state post-conviction motion that was denied as successive was 'properly filed' for AEDPA tolling purposes."](citing Weekley v. Moore, 244 F.3d 874 (11th Cir. 2001)); McMillian v. Carochi, 198 Fed.Appx. 766 (10th Cir. 2006)["Successive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s one-year limitation period as long as they were otherwise 'properly filed.'"].

[8] Petitioner does reference alleged newly found evidence in his petition; however, he has
(continued...)



5

Hence, it is readily apparent that Petitioner simply failed to timely file this federal petition, and he is therefore barred from seeking federal habeas relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

September 10, 2008

---

⁸(...continued)
pointed to no such newly found evidence in the record or in his filings.

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



7