UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Charles E. Nickerson, #80679, | ) | C/A No.: 0:07-cv-3822-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| State of South Carolina and George T. Hagan, Warden of Allendale Correctional Institution, | ) ) ) | |
| Respondents. | ) ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed on September 10, 2008. The petitioner originally filed for relief under 28 U.S.C. § 2254, on November 19, 2007, arguing inter alia that his incarceration was in violation of the United States constitution because he had been denied the effective assistance of counsel. The respondent filed a motion for summary judgment on May 5, 2008. The Court issued an order pursuant *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on May 6, 2008, advising the petitioner about the consequences of failing to respond to the respondent's motion. On May 21, 2008, the petitioner filed a response.

The magistrate recommends granting the respondent's motion for summary judgment and dismissing the petition with prejudice. The petitioner filed objections on September 29, 2008. For the reasons stated herein, notwithstanding the petitioner's

objections, this Court adopts the magistrate's Report and Recommendation in its entirety.

### Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The petitioner filed timely objections.

In order for objections to be considered by a United States District Judge, the

objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). This Court will construe the petitioner's objections liberally, but it will only address the petitioner's specific objections.

### **Objections**

The petitioner first objects to the magistrate's statement that he was indicted in Florence County. The petitioner also asserts that the magistrate "altered the procedural history of this record to include Florence County." This allegation is false, the magistrate simply made an error in drafting the procedural history. As the records indicate, the petitioner was indicted in Saluda County. This Court recognizes this error, however, it has no effect on the magistrate's recommendation.

The petitioner also objects to the magistrate's statement that the respondent's learned of a state petition pending in state court. He states that the Court may not

use this "against him." The magistrate was simply stating the facts and this statement also had no bearing on the magistrate's recommendation. This objection has no merit as this Court will not consider the pending state court action in its decision.

The petitioner also reargues his case that he has never been sentenced by a South Carolina state judge thus entitling him to relief under the AEDPA[1]. He states that his application is proper and the statute of limitations does not apply because he was never sentenced. However, the petitioner has in fact filed outside of the time allowed by the AEDPA. It is clear from the trial transcript that he was in fact sentenced. The petitioner stated in his petition that he was sentenced for burglary and larceny but not for murder. The March 16, 1976 transcript stated the indictment numbers for which Charles E. Nickerson was charged. (Petition at p. 16). The transcript contains a mere typographical error. The court reporter spelled the petitioner's name as Nicholson, not Nickerson, throughout the entire transcript. The judge stated or the court reporter wrote the name George E. Nicholson instead of Charles. This is a simple misstatement or error which has no effect on sentencing. There was no George E. Nicholson listed elsewhere in the transcript. The court took the guilty plea for the larceny and the burglary together and stated that the murder sentence and burglary sentence would run concurrently. During the hearing, the petitioner stated his birthday, his education, and that he had mental impairments. The

---

[1] Antiterrorism and Effective Death Penalty Act of 1996.

person present at the plea and sentencing hearing was the petitioner. The prosecutor stated the proper indictment number which had Charles E. Nickerson listed as the individual indicted. It is clear from the indictment and the transcript that the petitioner was the individual sentenced. The petitioner's assertion that he was never sentenced is simply without merit. *See Troupe v. Barnhart*, 140 F.Appx. 544 (5th Cir. 2005)(stating that the argument that the transcript did not pertain to the plaintiff because of a misspelling of the plaintiff's name is frivolous when the testimony in the transcript shows otherwise.) The petitioner has been in jail for 32 years. He has not found it appropriate to challenge his incarceration for 32 years. He also has not challenged the guilty plea. The claim that the petitioner was never sentenced is without merit.

## Conclusion

After reviewing the record, the Report and Recommendation, and the petitioner's objections, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation, however, this Court notes that "Florence County" in the procedural history in the Report and Recommendation should read "Saluda County."

IT IS THEREFORE SO ORDERED THAT the respondent's motion for summary judgment be GRANTED.  IT IS ALSO ORDERED THAT the petition be dismissed.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October   9  , 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**